Good morning, your honors. Donald Cook for Mr. Martin. In the 2009 decision, the court identified four categories of information omitted from the warrant, which it found was material. That was that Mr. Phillips, Andy Phillips, was in fact the subject of an investigation, that federal agents confirmed that Mr. Martin was of course an undercover officer, and that Phillips was the subject of an investigation. That Mr. Martin claimed to have had exculpatory evidence, and finally that Andy Phillips claimed that Mr. Martin was, excuse me, that the alleged burglar was injured, an injury that should have been visible, which Mr. Martin did not have. The court also held that when you look at the affidavit, take into account the omitted information, the affidavit did not establish probable cause. So the defense, what was the defense here at trial? The defense was, gee, I, Andy Mouse, or Detective Mouse, I was trained basically to do what I did here. I did not really subjectively believe in my own mind that what I was being told or what I had heard was true. In other words, there wasn't any argument over whether or not the omissions were intentional. Of course they were intentional. They conceded it. It was that the way I was trained, the way I operate, the way the department operates, and this is also confirmed by their expert, Lieutenant Richardson, is unless I, the detective, believe in my own mind that the information is true or that it's material, that's when I have to put it. If I don't believe that, I don't have to put it in a warrant. So in this case, we would submit that based on the defense concession that the omissions were intentional, this court's ruling that they were material and that when you include the information there's no probable cause, you have a constitutional violation. What this case also highlights is the significance of how… So what do you think the legal error was? You got a chance to go to trial. The legal error was allowing first, limiting us to only the four items of omitted information. Let's talk about that. Yeah. You had a proceeding initially. You said there were all these items that were omitted from the affidavit that were material. This court said, well, some of them I don't know that you have a case, but these are the four as to which there is an issue of fact. So why wasn't the trial judge, after this court said there are four, why wasn't the trial judge correct in saying those are the four we hear about? We had a previous proceeding. You brought up a whole bunch. I granted summary judgment for the city and for Mouse. I got slapped by the court of appeals who said as to these four, you were wrong. Why wasn't that what the case was about? Because the prior panel did not say that these were the only errors. The prior panel simply focused on the four categories of omissions. It said nothing, for example, about the false statements that we argued in the Warren affidavit, the false alibi, which is a major issue here, or the claim that Mr. Martin knew nothing about the burglary, where, of course, it's obvious he did know about the burglary. Well, that's what I'm asking. And I don't know the answer, but I'm asking because this case has a history. Yes. You went to the trial court. There was a motion for summary judgment. You said, oh, no, there's a bunch of material omissions from this affidavit. And you raised all the ones that you should have. It went up on appeal, and the court of appeals said, we've looked at the record, and these are the four that we think there's a triable issue of fact on. I think that's a fair summary of what happened in the case. And so my question is, why was the trial judge wrong in saying, okay, given the history of this case, I've been told to have a trial about these four, and I'm going to? Because I respectfully disagree that Your Honor's recital of the court of appeal. Yes, tell me where I'm wrong. Tell me where I'm wrong. All the court of appeal did is discuss four material omissions it focused on. It did not say anything one way or the other about the false alibi evidence about, you know, Mr. Martin claiming not to have knowledge. It did not say that wasn't material. It did not say it was material. It just was silent about it. But it was aware of them. It was aware of those allegations. Well, we certainly argued in a brief. I mean, there's no dispute about that. I'm just saying that the five-page memorandum decision makes no mention one way or the other. But as to that, I just want to be clear, because this is where I don't know the record. I think what happened in this case was that the trial judge originally said, I've looked at all your alleged omissions. They don't raise a triable issue of fact. The other side wins. They went up to the court of appeals and made the same argument you made to the trial judge. Look at all these omissions. We have a triable issue of fact. And the court of appeals said, well, there are four of them on which you have a triable issue of fact. I don't know what the effect of that decision is. That's what I'm trying to figure out. But is the history at least correct? The history is not entirely correct. We argued in the trial court before, before the first appeal, as well as to the prior panel, that there were misstatements of fact, the false alibi, Mr. Martin not knowing anything about the burglary, et cetera, as well as omissions. The panel, prior panel, for reasons not offered in the memorandum disposition, offers no reason why it did not address at all what we had argued about the, what we claimed were false statements in the affidavit. And there's, of course, it's a short memorandum decision. If you look at pages three to five, and that's the whole discussion, there's just no discussion about one way or the other. I mean, I have my own take as to what could have happened here. But, of course, I'm not the panel. Nor are we. But, you know, I read it as, for whatever reason, the judges focused on what stood out to them as sufficient to reverse the granting of summary judgment and send the case back down. And they focused on those four omissions. But they said nothing about your other claims, about affidavit insufficiencies or affidavit misstatements are without merit or, you know, don't meet the standard. There's no statement like that whatsoever. So I do not think it's a fair reading of the prior panel disposition to say that the prior panel precluded us from going back down to the district court and arguing. Okay. Now, assume that's the case. Assume you're correct about that. What's the error that you think the trial judge made? Well, first error is that given the defense concession that the omissions the panel did focus on were intentional, that the court should have found a constitutional violation serious and should have found that Mouse was liable for the constitutional violation. The court should have granted you judgment as a matter of law on those issues rather than submitting them to the jury? Correct. Because the defense in this case wasn't, again, the defense was I thought I was doing the right thing. I was following policy. I was following training. And as a matter of law, that's not a defense. It's an objective, reasonable standard. It does not matter if the officer was trained to do it that way. Otherwise, Fourth Amendment violations are going to be determined upon whether or not a department policy says it's a violation of law. The only question is, was the law clearly established for purposes of qualified immunity? And we submit, for example, the refusal to give DNA, the refusal to give consent. That law is clearly established. And I mention that particular fact because when you look at this whole incident, that fact kind of jumps out here. It comes up very early in the September 10, 2001 interview, telephone interview that's recorded, and it's when Mr. Martin expresses reluctance to do so. You can just tell from even reading the transcript that that's when Detective Mouse gets kind of upset. And it's a point that's been reaffirmed by, well, Lieutenant Richardson, their expert, as well as the district attorneys that, well, yeah, a suspect refuses to give evidence of, refuses to consent to DNA, that's evidence of culpability. So, again, the defense at the trial was I, Detective Mouse, was acting subjectively in a good faith manner, and therefore I'm not liable. And it's the argument made throughout this case. And I submit, as a matter of all, that cannot be a defense. The other error I want to address, too, is the granting of summary judgment for the county. Again, this case has got quite a history. And when you go through that history, one of the things that I would submit stands out is the county's position is that Detective Mouse did absolutely nothing wrong here. Everything he did was according to policy. This is not a case where there's a claim made that if what plaintiff says is true, the officer acted aberrationally, contrary to our policy. No, the argument is, you see it in Lieutenant Richardson's testimony and in his expert report that we submitted in opposition to summary judgment, that he was doing what he was trained to do. Well, I take it, I don't doubt there was a trial in this case against the county. Absolutely. The county was in the case when it went to trial on the state law claim, although the jury was not told that the county was in the case. And the reason that the jury was not told is because we submit is it made it easier for Detective Mouse to argue I was just doing what I was trained to do. I guess my question is a different one. Are you saying that the county shouldn't have been involved in the jury trial because the judge should have granted summary judgment against the county? Or are you saying that the jury's finding that the county wasn't liable was not based on, it was no reasonable jury could have so found. I'm trying to focus on what you think the error was with respect to the county. I know you're saying there was plenty of evidence here of practice. My question is, what was the error? The error on the federal claims, the error with respect to the county, was the court's granting of summary judgment on the 1983 claim. That was not submitted to the jury. The jury made no findings. And the evidence of pattern of practice was that Detective Mouse said I was just doing what I'd always been told to do. And Lieutenant Richardson, Sheriff's Department supervisor, their expert, said everything he did was in accordance with policy. This is the way we operate. You also had indirect evidence of the Sheriff's Department practice where you had both district attorneys. My question is, don't you have to show a policy of submitting false or incomplete affidavits as opposed to a policy that detectives should put in whatever they think is appropriate? If 1983 is not violated by the second, it might be violated by the first. Certainly, if there was such a policy, it would violate the Constitution. And I don't think that's the standard. For one thing, if it were the standard, there would never, ever be municipal liability because no police agency is, or they have enough lawyers in the vicinity who will tell them, you do not put it in your written policy to submit false information. That's going to get us in trouble. See, I guess I've got a chicken and egg problem here. What you're saying is that the judge erred in not granting summary judgment because we know that the detective put false information into this intentionally and he said he was only following policy when he did. And the jury verdict was returned in favor of the detective on your claim that he intentionally put false information into it. So I'm having trouble figuring out how I can get to an illegal pattern of practice by the department. The jury verdict form did not have a question as to whether he intentionally put in false information. But that was the instruction. The instruction was you have to find that he recklessly or intentionally omitted this information or put false information into the affidavit. And the instruction also permitted the jury to infer the basis decision upon the subjective beliefs of Maus. For example, because Maus did not believe that the information about the injuries to the alleged suspect was important or material, that's sufficient for it not to be in the affidavit. And we argue that's error in and of itself. But that's a different question than whether it was material or not. It was material. So in trying to answer your question, the county should be in the case because everything Maus did, the county has claimed from various people, whether it's Maus, whether it's their expert Richardson, whether it's Deputy District Attorney Phillips or Silva, that he was acting in accordance with policy for the stuff he put in the affidavit, including the fact that the refusal to give consent is evidence of guilt, as well as for the admissions. The county is also liable on the state law claims, but that is a derivative liability. So I'm down to Tim. No, you're over time. I'm over time. We'll give you a couple of minutes. Thank you. Good morning, Your Honors. Ricky Sanchez from the Office of County Counsel on behalf of the County of San Diego and now retired Detective Roland Maus. With respect to this particular matter, the appeal is taken subsequent to a jury trial. And the evidence that was presented allowed the plaintiff to address each and every one of the contentions that he is bringing to the court's attention today and assigning as error to the judge at the time that the trial occurred. The jury found that Detective Maus had acted in a forthright fashion. Well, the jury just didn't find liability. That's correct. I mean, I don't know. The jury may have found that he was the sneakiest guy in the world, but they didn't find liability. Well, I suppose it would be up for debate as to whether or not one would wish to characterize. No, I'm just saying I don't think you can take the jury verdict and say they found that he was forthright and honest. They just – their instructions were that they had to find that he recklessly or intentionally left stuff out of an affidavit. And the jury instruction with respect to the four omissions as to two, he didn't even know of them according to the jury. And therefore, if you don't know of something, you can't very well omit it. How do we know the jury found that he didn't know of them? Because the question was very specific. Do you know? For instance, question number one, which had to do with the one possible omission identified by the Ninth Circuit in the first appeal. And mind you, with respect to the appellant's characterization of this court's prior memorandum of decision as constituting a finding of fact, it was not. No, it found that there were issues of fact. That's correct. And it interpreted the facts as presented by the plaintiff in a light most favorable to the plaintiff because it was an appeal subsequent to a summary judgment motion. The first question with respect to one item that was identified by the court as an omission was, at the time Detective Moss submitted his affidavit in support of the search warrant, did he know that William Andy Phillips was under investigation by the United States Department of Fish and Wildlife? And the answer was no. And that's a jury interrogatory? That is a special verdict jury interrogatory. Right. Yes. Yes, Your Honor. Another question that was in response to one of the possible omissions in this affidavit identified in the first appeal was, at the time that Detective Moss submitted his affidavit in support of the search warrant, did he know, once again, very direct question, that Martin possessed potentially exculpatory phone records placing him far from the scene of the crime at the time of the burglary? And the answer, no, to that question. So that eliminated 50% of the possible contentions that the plaintiff had successfully pursued in this court. So that leaves us with only two left. With the other two had to do with a question regarding or the omission of information provided by the plaintiff's handler, McLeod, and his statement to the effect that he believed in the plaintiff. And with respect to that, the jury found that information to that effect was in fact conveyed to Detective Moss, but they also found that it was not omitted with deliberate falsehood or in reckless disregard of the truth. The last omission that was identified by the court had to do with, again, the handler, McLeod, informing, according to McLeod, Detective Moss that in response to Detective Moss asking him subsequent, or as the investigation proceeded, did you see the plaintiff after such and such a date and did you observe any injuries to the fellow? And McLeod, months after this event transpired, indicated that he did not observe or had any recollection. What was the jury's response to that one? It was that he knew but didn't intentionally omit it? That is correct. Okay. That that was conveyed to him, but he did not omit this with deliberate falsehood or in reckless disregard of the truth because the evidence was at trial that Detective Moss explained that it was not clear where the suspect had been struck by this stick, number one, so it could have been in the hairline or underneath clothes. Secondly, a DNA analysis of the stick itself, and it was just a twig that was used to hold up orchids because this was an orchid nursery, did not have any trace blood on it. I want to move backwards in this case. Let's assume that the jury verdict establishes no 1983 or state law violations with respect to those four items. Those I take it, therefore, neither the county, well, the county could not also be liable if Mr. Mouse had not violated 1983. I think Your Honor is absolutely correct. So let's now move backwards to the contention that Mr. Morton's attorney began with, which is that the trial court erred in limiting the jury to considering those four alleged omissions or difficulties with the search warrant affidavit. What's your response to that? My response to that is to look at the actual memorandum of the decision that was issued in 2009 and to make particular reference to certain sentences that were used in the memorandum. For instance, this court said the parties are familiar with the facts of the case which we repeat only to the extent necessary to explain our decision. A reasonable and fair reading of that is that the That's stock language. Yeah. That's very stock language. I wouldn't read anything into it one way or another. What we're saying is, look, we're not going to recite the fact because this is an unpublished disposition. The question I have reading this mem disposition fairly is whether or not you should read it as saying we've looked at the whole record, a whole bunch of arguments have been made to us, and we've identified four material omissions that pose triable issues of fact or whether it's saying we found four and there may be others. Well, it certainly does not say the latter, that they found others. And I think the first interpretation is most reasonable and correct because in the plaintiff's opening brief during the first appeal, they actually used bullet points to outline each of the issues and omissions that they perceived were relevant in connection with the affidavit. And the items that they are now saying should have been tendered to the jury for review were all addressed in their opening brief. And I'm confident that this Court was aware of each one of them and only selected the ones that were pertinent. We don't need to. I mean, on appeal, we don't need to address all issues if there's a reversal warrant. I'm not sure how much you can read into what the prior panel did. What about the bottom line of the panel decision? We affirm in part, reverse in part, and remain for further proceedings. What were they affirming? They were affirming the summary judgment that was granted on behalf of the District Attorney's Office. Actually, District Attorney Silva. Okay. And they were vacating or reversing. I'm not sure they were reversing. What did they reverse? I think what they were doing, it simply remanded the matter for further proceedings consistent with the opinion with respect to the ruling in favor of Detective Moss. Yeah, and my question is sort of a technical one. Were they knocking out the whole ruling of the Superior Court below or only the ruling with respect to these four items? I believe that it would only be as to the four items. Okay. Let's assume that that wasn't the effect of the prior decision, just for purpose as a discussion. And Mr. Martin said to the trial judge after the second trial, I'd like you to instruct them also about some of these additional allegations that I've made. Would that have been error? I think in a particular context of this case, it would have been incumbent on Mr. Martin to submit a special verdict form that would have outlined each of those items for review to be addressed to the jury. Did he identify the items in his objection to the judge's suggested instructions? In other words, when you were settling the jury forms and settling instructions, didn't Mr. Martin say you ought to add a catch-all clause to this and anything else that you find was material? He did not. Well, I thought he submitted an instruction with a catch-all clause. He did not. To my recollection, I was actually the trial counsel at the time, so based on my recollection, what had transpired was instruction number 16 had to do with the elements for establishing a constitutional violation, and no objection was made to that instruction. And indeed, with respect to plaintiff's current argument that the prior decision constituted a finding of fact, in the trial court proceedings he conceded that it was an issue of fact for the jury to determine as to whether or not. No, I guess I'm asking whether or not this case was either tried or whether a record was made that the jury ought to be able to find a 1983 violation based on material omissions other than the four as to which special interrogatory was used. In our opposition brief, we did make the representation to this court after reviewing the record that we could find no instruction to that effect and no special verdict form that was submitted by the plaintiff. And in their opening brief and in their reply, they do not represent to this court that they did in fact submit such instructions and or verdicts. What they go on to discuss, both in their opening brief and then restated in their reply brief, is simply that there was instructional error associated with the various matters having to do with you should have told them that these facts were found and determined to be true, meaning those having been reviewed on appeal. That you should have instructed them that Mr. Martin, for instance, did not have to prove or disprove the existence of probable cause. Those were the matters. I'm focusing on this one because that's the argument Mr. Martin is making to us, that the judge has unfairly restricted my 1983 claim to these four matters and I had a bunch of others. And my question is, was a record preserved on that from which I can determine whether or not the trial judge made an error? I believe that the record will establish that there was no error because there was no submission on the part of the plaintiff with respect to those particular things. And the record will also show with respect to each of these items, they were matters that were allowed to be discussed by the plaintiff in order to attempt to attack Deputy Moss's credibility and to establish that he had acted with deliberate falsehood or in reckless disregard of the truth with respect to the items that the jury had to address. So the jury actually had ample opportunity to hear all of that. And indeed, as it boiled down to, if I understand the theme of the plaintiff's presentation at the trial, was that Detective Moss had inferred guilt on the part of Mr. Martin because of Mr. Martin's refusal or lack of volunteering his DNA. That inference of guilt colored his mindset and notwithstanding any of the facts that he uncovered during the investigation, proceeded to acquire the search warrant affidavit, notwithstanding corroborated evidence to the contrary. Now, with respect to that particular theme, the court allowed the plaintiff adequate leeway to address each and every one of those things. We might then segue into a different topic, and that is with respect to the appellant saying that Detective Richardson said or provided testimony regarding policy procedure of the Sheriff's Department and in their brief talked to qualified immunity. The issue of qualified immunity was excluded. In fact, the review of Lieutenant Richardson's testimony at the trial, it was limited to trying to explain the manner in which officers go about conducting an investigation, corroborating information in order to include in affidavits corroborated and or verified information. I think what's critical to keep in mind here is that the plaintiff appeared to confuse their contention, for instance, that he had exculpatory phone records with fact, that the contention equals a fact when those phone records were actually submitted into evidence and the phone records themselves don't show an address, don't show a subscriber, don't show use by any particular person, and actually establish what Detective Moss had uncovered during his investigation, that it created an eight to ten hour window within which Mr. Martin could have gone down to Encinitas in order to commit this crime. I just want to make sure I'm understanding the records correct on this. I know you're running down to your last minute here. Was the jury instructed that if you're going to find Mr. Moss liable, you must find one of these four representations were either false, knowing, intentional? In other words, the issues posed by the interrogatories. Were those the only basis on which the jury was allowed to consider the liability of Mr. Moss? On the Section 1983 claim. Right. The only other claim that was presented to the jury after much discussion and agreement by the plaintiff was a 52.1 California Civil Code claim. And the jury responds to that in the negative in terms of liability. And were there special interrogatories on that one too or was it just a general? Yes. Yes, it was all part of the special verdict form. And lastly, the jury actually went on to address the question as to whether or not there was clear and convincing evidence that Detective Moss' conduct caused damage to Mr. Martin. Was malicious or oppressive and they answered that in the negative. And that's the state law claim? I think that that would have been the punitive damages allegation applicable to both the 1983 claim and the state law claim. And with respect to their statement regarding a Monell claim based on the county and maintaining that Detective Moss did not err with respect to his conduct in this matter, really what the plaintiff is suggesting is that by providing Detective Moss with a defense to these allegations, we have somehow created after the fact a policy and or agreement that there be what they presume to be a process and procedure by which affidavits which are inaccurate, false, are regularly submitted to magistrates and judges in the county of San Diego and that's incorrect. It would defy logic for a Monell claim to be based on the premise that providing a defense to an individual constitutes a policy. Much like you can't really have ratification unless the policymaker understands and knows that the at issue conduct is indeed unconstitutional. Lastly, with respect to the reference in passing during argument by the appellant to Silva and DDA Phillips. I believe DDA Phillips only came into this litigation in connection with his generation in the capacity of an expert witness of an opinion letter, which opinion letter was never submitted to the jury and used at the trial and was completely excluded as a result of this court's first appellate decision because DDA Phillips was opining as to the manner in which affidavits are constructed and the legal standard for determining probable cause. Those issues became matters that should not have been addressed by the jury in light of this court's order. Thank you, counsel. You're two and a half minutes over time. My apologies, your honor. I'll simply wrap it up and state that it is our position on behalf of the county of San Diego and Detective Moss that the judgment below should be affirmed on appeal. Thank you. We'll equalize it, though, so put two and a half minutes on Mr. Cook's clock. The claim that the plaintiff did not make a record of seeking to try the issue of misstatements is incorrect. Volume 1, excerpt of record, page 131, discussion starts at line 16. The plaintiff's counsel identifies the misstatements that the plaintiff is seeking to establish. There is a discussion. And the court concludes at page 133, first volume, that I am just going to go with omission, period, the ones identified in the prior panel decision. So we were not allowed to try the issue. Right. As I see the record, you submitted, or Martin submitted, an instruction which had a catch-all phrase at the end. These findings of fact in law do not preclude the jury from finding that other additional facts were omitted or misstated. And the judge declined. Otherwise, your instruction was the same materially for purposes today, the same as the one the judge gave, but he left off the catch-all clause. And even before that, before submitting the instruction, we asked the trial court to allow us to try those issues. Trial court refused to let us try those issues. The discussion is right there. Volume one, excerpt of record, pages 131 and 132. So I don't think it's a fair statement of the record what defense counsel made. With regard to verdict question number one, interesting, because that's the one about, did Moss know that Phillips was under investigation? The evidence was undisputed that Silva, the DA, and Moss knew that. They learned that through the contacts with the Fish and Game people. Before you move on, I'm still focusing on the instructions given. I take it that you submitted these at an early point. The judge said, I'm just going to leave it for omissions. Right now, I'm going to leave it as omissions. This was an early point of settling instructions. The judge, at the end of the trial, did you, or at any later point, did you object to the instruction given? We did not. The judge said something like, right now I'm going to leave it at that. And that was not right before the instructions were given. That was an earlier point in time when instructions were being discussed. He then gives them, and I don't find anything in the record where you say, Well, Judge, I object because they should have had more or something else. I don't know offhand what the record shows, if the objection was renewed. I would say that the exchange that I just quoted was very clear as to what Judge Gonzalez's position was, and that she was just going to go with omissions. She says, right now, I'm going to leave it omissions. No, she actually says, I'm going to go with omissions, period. That's what she says. I'm looking again. I'm looking at page 133. Oh, my. She says, I am just going to go with omissions, period. Back up and see what she said. Doesn't she say, right now, I'm going to leave it omissions? Well, if I'm backing up. Same page. I mean, I think she's agreeing with the county's position, to be sure, but my question is, what point in time was this discussion about jury instructions? It appears to me that it was earlier, significantly earlier than the actual giving of instructions. Correct. It was on May 10th, 2010. And when were the instructions given? I think the instructions were given, I don't know. But significantly later. Well. Not the next day, for example. No. We can find that in the record. My question is, do you have an obligation at the time that the judge says, okay, here's the final set of instructions I'm going to give to say I object? Like in the nature of taking the old exceptions. That's how I would view it, and I would say no, I mean, because that does sound like I take exception, and that was, of course, abolished many years ago, where you have a clear record, which I submit at page 133, it is clear. She's going to go with the omissions, period, and not get into what we contended were false statements. We're not under a further duty to object more, which sounds like to me is nature of an exception. I'm happy to stand up here and answer more questions, but I know that I'm over my time. Thank you very much for your arguments. This case is currently submitted for decision.
judges: Beistline, Thomas, Hurwitz